MICHAEL FAILLACE & ASSOCIATES, P.C.
Sara Isaacson, Esq. [SI 8937]
Michael Faillace, Esq.
60 EAST 42ND STREET, SUITE 4510
NEW YORK, NEW YORK 10165
PHONE: 212-317-1200
FAX:    212-317-1620
E-MAIL: SISAACSON@FAILLACELAW.COM
ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**
--------------------------------------------------------X
ORTENCIA INES PINEDA CABALLERO,
*individually and on behalf of others similarly situated,*

                                           *Plaintiff*,

            -against-

FINGERS FACES & TOES CORP. (D/B/A
FINGERS, TOES, NAILS), FINGERS TOES
& NAILS CORP. (D/B/A FINGERS, TOES
NAILS), MANI & PEDI SPA INC., GHUU
CHOI, KIM MI UN, KIM UN and DAHYUN
(A.K.A. SANDY) LEE,

                                           *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Ortencia Ines Pineda Caballero (hereinafter "Plaintiff Pineda"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Defendants Fingers Faces & Toes Corp. (d/b/a Fingers, Toes, Nails), Fingers Toes & Nails Corp. (d/b/a Fingers, Toes Nails), Mani & Pedi Spa Inc. (as "Defendant Corporations"), and Ghuu Choi, Kim Mi Un, Kim Un and Dahyun (a.k.a. Sandy) Lee (as "Individual Defendants") (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Pineda is a former employee of Defendants Fingers Faces & Toes Corp. (d/b/a Fingers, Toes, Nails), Fingers Toes & Nails Corp. (d/b/a Fingers, Toes Nails), Mani & Pedi Spa Inc., Ghuu Choi, Kim Mi Un, Kim Un and Dahyun (a.k.a. Sandy) Lee.

2. Defendants own(ed), operate(d) and control(led) a nail salon located at 520 Chestnut St., Union, New Jersey 07083 under the name "Fingers, Toes & Nails."

3. Upon information and belief, individual Defendants Ghuu Choi, Kim Mi Un, Kim Un and Dahyun (a.k.a. Sandy) Lee, serve or served as owners, managers, principals or agents of Defendant Corporations, and upon information and belief, through these corporate entities operate or operated the nail salon as a joint or unified enterprise.

4. Plaintiff Pineda was primarily employed as a manicurist, pedicurist and waxer.

5. Plaintiff Pineda worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours per week that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, and failed to pay Plaintiff Pineda appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

7. At all times relevant to her complaint, Defendants maintained a policy and practice of requiring Plaintiff Pineda to work in excess of forty (40) hours per week without paying her the minimum wage and overtime compensation required by federal and state laws.

8. Plaintiff Pineda now brings her action on behalf of herself, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

9. Plaintiff Pineda seeks certification of her action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question).

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New Jersey within this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a nail salon located in this district. Further, Plaintiff Pineda was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Pineda*

12. Plaintiff Ortencia Ines Pineda Caballero ("Plaintiff Pineda" or "Ms. Pineda") is an adult individual residing in Linden, New Jersey.

13. Plaintiff Pineda was employed by Defendants from approximately 2002 until on or about February 17, 2017.

14. Plaintiff Pineda consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

15. Defendants own(ed), operate(d) and control(led) a nail salon located at 520 Chestnut St., Union, New Jersey 07083 under the name "Fingers, Toes & Nails" at all times relevant to this complaint.

16. Defendant Fingers Faces & Toes Corp. is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains an office located at 520 Chestnut St., Union, New Jersey 07083 and its business address at 522 Chestnut Street, Union NJ 07083.

17. Defendant Fingers Toes & Nails Corp. is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains an office located at 520 Chestnut St., Union, New Jersey 07083.

18. Defendant Mani & Pedi Spa Inc. is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains an office located at 520 Chestnut Street, Union, New Jersey 07083.

19. Defendant Ghuu Choi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ghuu Choi is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Ghuu Choi possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Ghuu Choi determined the wages and compensation of the employees of Defendants, including Plaintiff Pineda, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20. Defendant Kim Mi Un is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kim Mi Un is sued

individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Kim Mi Un possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Kim Mi Un determined the wages and compensation of the employees of Defendants, including Plaintiff Pineda, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

21. Defendant Kim Un is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kim Un is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Kim Un possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Kim Un determined the wages and compensation of the employees of Defendants, including Plaintiff Pineda, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

22. Defendant Dahyun (a.k.a. Sandy) Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dahyun (a.k.a. Sandy) Lee is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Dahyun (a.k.a. Sandy) Lee possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Dahyun (a.k.a. Sandy) Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Pineda, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate or operated a nail salon at 520 Chestnut St., Union, New Jersey 07083 under the name Fingers, Toes & Nails.

24. Defendants maintain as their principal place of business a centralized office at 520 Chestnut St., Union, New Jersey 07083.

25. Individual Defendants Ghuu Choi, Kim Mi Un, Kim Un and Dahyun (a.k.a. Sandy) Lee, possess(ed) operational control over Defendant Corporations, possess(ed) an ownership interest in Defendant Corporations, and control(led) significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Defendants possess(ed) substantial control over Plaintiff Pineda's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pineda, and all similarly situated individuals, referred to herein.

28. Therefore, for the above and other reasons, Defendants jointly employed Plaintiff Pineda, and all similarly situated individuals, and are Plaintiff Pineda's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq.*

29. In the alternative, Defendants constitute a single employer of Plaintiff Pineda and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants Ghuu Choi, Kim Mi Un, Kim Un and Dahyun (a.k.a. Sandy) Lee operated Defendant Corporations as alter egos of themselves, and/or failed to operate these corporations as entities legally separate and apart from themselves, by, amongst other things,

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations;

(b) defectively forming or maintaining the corporate entities by amongst other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

(e) operating Defendant Corporations for their own benefit and maintaining control over these corporations, as closed corporations;

(f) intermingling assets and debts of their own with those of Defendant Corporations;

(g) diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

31. At all relevant times, Defendants were Plaintiff Pineda's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Pineda, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Pineda's services.

32. In each year from 2014 to 2017, Defendants had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. Furthermore, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous supplies and materials that were used in the nail salon on a daily basis were produced outside of the State of New Jersey.

34. In the alternative, Plaintiff Pineda regularly engaged in interstate commerce by taking credit cards from customers and processing the charges for services through a credit card processing machine.

*Individual Plaintiff*

35. Plaintiff Pineda is a former employee of Defendants, who was employed as a manicurist, pedicurist and waxer.

*Plaintiff Ortencia Ines Pineda Caballero*

36. Plaintiff Pineda was employed by Defendants from approximately 2002 until on or about February 17, 2017.

37. Plaintiff Pineda worked at the Fingers, Toes & Nails location throughout her employment with Defendants.

38. At all relevant times, Plaintiff Pineda's duties included those outlined above.

39. Plaintiff Pineda's work duties required neither discretion nor independent judgment.

40. In the performance of her work duties, Plaintiff Pineda handled goods that traveled in interstate commerce every day, including but not limited to the nail polishes, polish removers, wax and other such goods regularly used at a nail salon.

41. Throughout her employment with Defendants, Plaintiff Pineda regularly worked in excess of 40 hours per week.

42. Throughout the years of her employment, Plaintiff Pineda worked from approximately March through August of the years 2014 through 2017 from approximately 9:30 a.m. until on or about 7:30 p.m. two days per week and from approximately 9:15 a.m. until on or about 7:45 p.m. two days per week (typically 41 hours per week).

43. Similarly, from approximately September through February of the years 2014 through 2017, Plaintiff Pineda worked from approximately 9:30 a.m. until on or about 8:00 p.m. Tuesdays through Saturdays (typically 52.5 hours per week).

44. From approximately September 2014 until on or about November 2015, defendants paid Plaintiff Pineda a fixed salary of $75 per day in cash.

45. From approximately November 2015 until on or about February 2017, Defendants paid Plaintiff Pineda a fixed salary of $80 per day in cash.

46. Plaintiff Pineda's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

47. For example, Defendants required Plaintiff Pineda to work an additional 30 minutes past her scheduled stop time every day during the summer months and two days a week during the winter months, and did not compensate her for the additional time she worked.

48. Plaintiff Pineda was not required to keep track of her time, nor to her knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

49. Instead, defendants required Plaintiff Pineda to sign a document, the contents of which she was not allowed to review in order for them to give her the weekly paycheck.

50. Defendants did not provide Plaintiff Pineda with any document or other statement that accurately accounted for Plaintiff Pineda's actual hours worked, and set forth by day any deductions or credits taken against her wages.

*Defendants' General Employment Practices*

51. Defendants regularly required Plaintiff Pineda to work in excess of forty (40) hours per week without paying her the proper regular rate of pay and/or overtime wages.

52. Defendants' pay practices resulted in Plaintiff Pineda (and all similarly situated individuals) not receiving payment for all of her hours worked, so her effective rate of pay was reduced below the minimum wage.

53. Plaintiff Pineda was paid her wages entirely in cash.

54. Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

55. Instead, every week Defendants required Plaintiff Pineda to sign a document that she was not allowed to review in order to get her weekly pay.

56. Upon information and belief, this was done to disguise the actual number of hours Plaintiff Pineda worked, and to avoid paying Plaintiff Pineda properly for (1) her full hours worked, and (2) for overtime due.

57. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff Pineda brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

59. At all relevant times, Plaintiff Pineda, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

60. The claims of Plaintiff Pineda stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

61. Plaintiff Pineda repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff Pineda's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

63. Defendants had the power to hire and fire Plaintiff Pineda, control her terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66. Defendants intentionally, or otherwise, failed to pay Plaintiff Pineda (and the putative FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

67. Defendants' failure to pay Plaintiff Pineda (and the putative FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Pineda was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

69. Plaintiff Pineda repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiff Pineda (and the putative FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

71. Defendants' failure to pay Plaintiff Pineda and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Pineda was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Pineda respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pineda (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pineda (including the prospective collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pineda's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Pineda (including the prospective collective class members);

(f)     Awarding Plaintiff Pineda (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Pineda (including the prospective collective class members)

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Awarding Plaintiff Pineda (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(i) Awarding Plaintiff Pineda (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees; and

(j) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Pineda demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 25, 2017

                                                       MICHAEL FAILLACE & ASSOCIATES, P.C.

                                                       /s/ Sara J. Isaacson

                                                       Michael Faillace & Associates, P.C.
                                                       Sara J. Isaacson, Esq.
                                                       60 East 42nd Street, Suite 4510
                                                       New York, New York 10165
                                                       Phone: 212-317-1200
                                                       Fax:   212-317-1620
                                                       E-mail: sisaacson@faillacelaw.com

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 6, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Ortencia Pineda

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   *[signature]*

Date / Fecha:   06 de marzo de 2017